PS 8
(8/88)

# United States District Court

for

THE DISTRICT OF GUAM



**FILED**
DISTRICT COURT OF GUAM
JUN 24 2005
MARY L.M. MORAN
CLERK OF COURT

U.S.A. vs: __ANTONIO A. CASTRO__    Docket No. __MG 05-00010-001__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __ROBERT I. CARREON__, Pretrial Services Officer, presenting an official report upon the conduct of __Antonio A. Castro__ who was placed under pretrial release supervision by the Honorable __Joaquin V.E. Manibusan, Jr.,__ sitting in the court at __Hagatna, Guam__ on __5th__ date of __May__, 20 __05__ under the following conditions:

Report to the U.S. Probation Office for supervision; maintain or actively seek employment; submit his passport to Clerk of Court and not obtain any passport; remain at a fixed address and not change residence without prior notice to the U.S. Probation Office; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from excessive use of alcohol; refrain from unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a physician; report contact with any law enforcement; not leave Guam without the permission of the U.S. Probation Office and the Court; stay away from all ports of entry and exit; submit a complete and written monthly supervision report to the U.S. Probation Office between the 1st and the 5th of each month; and not come within 500 yards of military property without the permission of the Base Commander. The Court allows the defendant to reside with defendant Luis-Jeffrey Castro, related case.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here; if lengthy write on separate sheet and attach)

**(See attached Declaration by U.S. Probation Officer Robert I. Carreon)**

PRAYING THAT THE COURT WILL

Pursuant to 18 U.S.C. §3148(b), order that a Warrant of Arrest be issued and that this matter be set for a hearing, and at that hearing, the defendant be held to answer or show cause why bail should not be revoked or why conditions of release should not be revoked.

ORDER OF COURT

Considered and ordered __24th__ day of __June__, 20 __05__ and ordered filed and made a part of the records in the above case.

_____
U.S. District Judge/Magistrate

Respectfully,

_____
Robert I. Carreon
U.S. Pretrial Services Officer

Place: __Hagåtña, Guam__

Date: __June 21, 2005__

RECEIVED
JUN 23 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>              Plaintiff,<br><br>vs.<br><br>ANTONIO A. CASTRO<br>              Defendant. | Docket No.: MG 05-00010-001<br><br>DECLARATION IN SUPPORT OF PETITION |

Re:    **Failure to Report for Supervision; Request for a Warrant**

I, Robert I. Carreon, am the U.S. Pretrial Services Officer assigned to supervise the Court-ordered conditions of pretrial release for Antonio A. Castro and in that capacity declare as follows:

On May 5, 2005, Antonio A. Castro appeared before the Honorable Joaquin V.E. Manibusan, Jr. for an Initial Appearance and Arraignment relative to an Information charging him with <u>Count I</u>: Theft of Property, in violation of 18 U.S.C. § 641 and <u>Count II</u>: Entering Military Property, in violation of 18 U.S.C. § 1382. The defendant pled not guilty, and the Court set a trial date for June 28, 2005. The defendant was subsequently released on a personal recognizance bond with conditions that he: report to the U.S. Probation Office for supervision; maintain or actively seek employment; submit his passport to Clerk of Court and not obtain any passport; remain at a fixed address and not change residence without prior notice to the U.S. Probation Office; refrain from possessing a firearm, destructive device, or other dangerous weapon; refrain from excessive use of alcohol; refrain from unlawful possession of a narcotic drug or other controlled substances, unless prescribed by a physician; report contact with any law enforcement; not leave Guam without the permission of the U.S. Probation Office and the Court; stay away from all ports of entry and exit; submit a complete and written monthly supervision report to the U.S. Probation Office between the 1st and the 5th of each month; and not come within 500 yards of military property without the permission of the Base Commander. The Court allowed the defendant to reside with defendant Luis-Jeffrey Castro, related case. The Court then stated that modifications of release conditions may be forthcoming as recommended by the pretrial services office after conducting a post bail interview and investigation.

On May 6, 2005, the defendant reported as instructed for the post bail interview during which time he admitted to last smoking marijuana on April 29, 2005. He further stated that he smoked marijuana approximately biweekly since the age of fourteen to the present.

A records check with the Criminal Justice Information System (CJIS) revealed the defendant was sentenced for DUI (as a misdemeanor) under Superior Court of Guam (SCOG) case no. CM723-90 on July 13, 1993. He was given credit for time served (13 days), a $2,000 fine, 150 hours community service, and a 180 day driver's license suspension. The case was ordered closed on August 7, 2000. CJIS records further reveal that the defendant was charged with a separate DUI offense under SCOG case no. CM 979-91, however, the case was dismissed on July 26, 1993. A check with the National Criminal Information Center (NCIS) revealed that the defendant was arrested for DUI on January 28, 1990; DUI with injuries on October 5, 1991; and Rioting, Resisting Arrest, Disorderly Conduct, Public Intoxication, Manufacturing a Controlled Substance, Criminal Mischief, and Theft of Property on March 26, 2000.

DECLARATION IN SUPPORT OF PETITION
Failure to Report for Supervision; Request for a Warrant
Re: CASTRO, Antonio A.
USDC MG Cs. No. 05-00010-001
June 21, 2005
Page 2

Based on the information outlined above, the U.S. Probation Office prepared a modification report requesting a condition for drug testing and an order to refrain from the use of alcohol. The defendant was contacted by telephone on June 7, 2005 and he agreed to report to the U.S. Probation Office to execute modification forms and to submit to a drug test. He failed to report as instructed. Mr. Castro was again contacted by telephone on June 8, 2005 and he explained that he failed to appear because of a flat tire. He had no explanation for failing to report the incident to the U.S. Probation Officer. Mr. Castro again agreed to report later that date, but failed to report as arranged. June 8, 2005 is the defendant's last contact with the U.S. Probation Office. At a home visit conducted on June 16, 2005, relatives informed us that Mr. Castro moved to an unknown residence on June 13, 2005. Mr. Castro has also failed to submit his monthly supervision report for May 2005.

Given the defendant's failures to report for supervision and notify of a change of residence, the pretrial services officer respectfully requests that the Court order a Warrant of Arrest be issued, pursuant to 18 U.S.C. §3148(b), and consequently revoke the defendant's pretrial release.

Executed this 21ST day of June 2005, at Hagatna, Guam, in conformance with provisions of Title 28 U.S.C. § 1746.

I declare under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

RESPECTFULLY submitted this 21ST day of June 2005.

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Joseph Tock, SAUSA
    Joaquin C. Arriola, Jr., Defense Counsel
    File