

ORIGINAL

LEONARDO RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

AUG - 9 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAGISTRATE CASE NO. 05-00010 |
| Plaintiff, | ) | |
| vs. | ) | **UNITED STATES'** **[PROPOSED]** **VOIR DIRE** |
| ANTONIO A. CASTRO, | ) | |
| Defendant. | ) | |

Pursuant to the order of this Court and Federal Rule of Criminal Procedure 24(a), the United States submits the following proposed voir dire questions.

A. <u>WITNESSES</u> (Assuming that the Court reads the names of the attorneys and the trial witnesses to the panel.)

1. Are any of you friendly or associated or related with the attorneys for the United States, or from the defense, in this case, either socially or through your role as jurors in other cases? If so, please explain the nature of the prior knowledge and how it may affect your attitude as a juror in this case.

2. Do any of you know any of the witnesses who will testify? If so, please describe your acquaintance. If you know any of these people, would you be able to lay aside that acquaintanceship and be guided by the evidence presented in this case and by the law given by the judge?

3. Do any of you know the defendant or his family members socially or through some business or other acquaintanceship? If so, please describe the acquaintance.

4. Would it be embarrassing and perhaps even painful to have to return a verdict against the defendant when you are so acquainted with the defendant or his family?

B. **GENERAL INFORMATION**

5. Do you have any friends who are attorneys? If so, what type of law do they practice?

6. Please explain for us the nature and extent of your educational background, including any special training courses and vocational seminars you have attended. If you attended college, what was your major field of study?

7. Have any of you ever studied law or had any legal training? If so, a) When did you receive this training; b) Extent of training; and c) Could you set aside what you have learned and decide the case based on the evidence and the law as given in this case?

8. Are you married? Do you: live alone? Share house with another person or persons? Live with family?

9. Please describe the nature of your employment and that of your spouse, if you are married.

10. Please describe your immediate family and, how each formally employed member is employed, the nature of any past employment, and the educational background of your immediate family.

11. Where do you now reside and for how long have you been a resident of that address? (If the prospective juror indicates that he or she is new to his present address, please ascertain that person's prior place of residence.)

12. What magazines, newspapers and other periodicals do you read routinely? Which television programs do you watch frequently?

13. What are your special interests, hobbies and recreational pursuits?

2

14. Please explain your past experience on juries in both civil and criminal cases. Tell us when the case was tried and the nature of the case. Without telling me whether or not the jury found the defendant guilty or not guilty, please tell me whether or not the jury actually reached a verdict. Would you be influenced in any way by your previous experience as a juror?

15. Do you have any fixed view about the United States Department of Justice, the United States Air Force, the Guam Police Department, or the Division of wildlife that would affect your ability to be an impartial juror in this case?

16. Do you have any fixed view about the United States, or the military services possession and/or ownership of land on the island of Guam?

17. Most of us during our lives have in one way or another come into contact with law enforcement officers. Have any of these experiences made you feel one way or another about the law enforcement officers? If so, what are these feelings?

18. Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

19. On the other hand, would you tend not to believe the testimony of a witness just because that witness is a law enforcement officer?

20. The indictment in this case charges offenses involving theft and trespass. Have you, any members of your family, or close friends had problems with theft or trespass? If so, what were those problems. Do you believe this prior experience would affect your attitude towards this case?

21. Are you, or any member of your family, or any close friends, a member of the Chamorro Nation?

22. Do you, or any memberof your family, or close friends, believe that the Unted States military has no place on Guam?

3

23. Do you disagree with the law which makes it a crime for a person to trespass on a military installation for the purpose of stealing building materials?

24. Would you, for any reason, hesitate to enforce laws making certain conduct involving theft a criminal offense?

25. Would you, for any reason, hesitate to enforce laws making certain conduct involving trespassing on federal land a criminal offense?

C. OTHER MATTERS

26. Has anyone talked to you about this case or attempted to influence you in any way about it <u>since</u> you were notified that you may be on the jury panel? Who? When? Where? Who else was present? What did you say? <u>Before</u> you were so notified, did anyone attempt to influence you about jury service on this matter? Please tell us the details of that event.

27. Have you or any of your relatives or other close friend ever been the victim of a crime? State the nature of the crime and what was the outcome of the case. Do you believe this would affect your attitude towards this case as a juror?

28. Have you, your relative or close friends ever been charged with or investigated for a crime? If so, what was the nature of this investigation or charge? How was it handled?

29. Have any of you ever witnessed the commission of a crime? What type of crime? What was the outcome of the case? Would you be influenced in any way by your experience as a witness to a crime?

D. RESIDUALS

30. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at trial and the law as it is given to you? Can you disregard any ideas, notions or beliefs about the facts or the law as you may have earlier encountered or formed?

//

4

31. Do you have any physical conditions which would make it difficult for you to serve as a juror?

32. Is there anyone here who has any other reason not mentioned by my previous questions which they feel would make it difficult for them to sit fairly and impartially in this case?

RESPECTFULLY SUBMITTED this 9th day of August, 2005.

LEONARDO RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Joseph Tock
JOSEPH TOCK
Special Assistant U.S. Attorney

5