antoniocastrople

LEONARDO M. RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
MAR 27 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAGISTRATE CASE NO. 05-00010 |
| Plaintiff, | **AMENDED** |
| vs. | **PLEA AGREEMENT** |
| ANTONIO A. CASTRO, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ANTONIO A. CASTRO, enter into the following plea agreement:

1. The defendant, ANTONIO A. CASTRO agrees to enter a guilty plea to Count 1 of the Information charging him with Theft of Property, in violation of Title 18, United States Code, Section 641. Count 2 will be dismissed upon sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Property in an amount less than $1,000.00, in violation of 18 U.S.C. 641 as a misdemeanor as specified in 18 U.S.C. § 641 is imprisonment for not more than one year and a maximum fine of $100,000.00, together with any restitution as the court may order, and a $25 special assessment fee. Any sentence of incarceration shall include a term of supervised release of not more than one (1) year. If the court revokes sentence of supervised release, the court may incarcerate the defendant for one (1) year. The total of $25 special assessment fee must be paid upon sentencing. The



government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Theft of Property, a violation of Title 18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt for each count:

> First, that on the 23rd day of February 2005, the defendant wilfully and knowingly did steal aluminum railings; and
>
> Second, the aluminum railings were the property of the United States Government; and
>
> *Third - See below

4. The defendant understands that the Sentencing Guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1964, and is a citizen of the United States.

b. That on February 23, 2005, the defendant ANTONIO A. CASTRO, along with Dennis C. Aldan, Donald Aldan and Luis-Jeffrey Castro entered Andersen AFB, Guam at a time prior to 4:00 p.m. They entered Andersen AFB, South, with the tools necessary to remove aluminum railings from the housing units. Their intention was to take the aluminum railings and sell them for scrap value. Using the tools that they brought with them, more specifically bolt cutters and screw drivers they removed aluminum railings from one or more housing units and loaded the railings into a red Mazda Pick-up truck registered to Luis-Jeffrey Castro.

c. ~~The intent of the defendant was to permanently deprive the United States of the use and value of the property.~~

c d. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

*Third, the intent of the defendant was to permanently deprive the United States of the use and value of the property, with the property value being less than $1,000.00 (One Thousand Dollars).

Defendant also agrees to pay restitution to any individual, or organization, who lost money as a result of his criminal conduct.

5. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

   g. That he reads, writes and speaks the English language and has no need for an interpreter;

   h. That he has read the plea agreement and understands it; and

//
//
//

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 3/27/06

*Antonio A Castro*
ANTONIO A. CASTRO
Defendant

DATED: 3/27/06

JOAQUIN ARRIOLA, JR.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 3/27/06     By: *Fred A. Black for J.T.*
JOSEPH TOCK
Special Assistant U.S. Attorney

DATED: 3/27/06     *Fred A. Black for R.S.*
RUSSELL C. STODDARD
First Assistant U.S. Attorney